UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CADENCE PHARMACEUTICALS, INC. et al.,

Petitioners,

**Hon. Hugh B. Scott**

16MC22G

v.

**Order**

MULTISORB TECHNOLOGIES, INC.,

Respondent.

Before this Court is petitioners' motion to transfer their pending miscellaneous action to the District of Delaware (Docket No. 2). Also pending therein are petitioners' motion to compel compliance with the subpoena they issued in an action pending in the District of Delaware (Docket No. 1); motion to file certain papers for that motion under seal (Docket No. 3); respondent's cross-motion to quash the subpoena (Docket No. 12).

Chief Judge Frank Geraci referred this miscellaneous proceeding to the undersigned (Docket No. 13) and this Court determined to hear first the motion to transfer and, if that motion was denied, then the motion to seal the motion to compel compliance with the subpoena, and the crossing motions regarding the subpoena (Docket No. 14). Petitioners' reply to their motion to transfer was due August 8, 2016 (id.) and petitioners filed their response under seal (Docket No. 16, motion to seal; Petrs.' Reply Memo. (filed under seal); see Docket No. 18, Order sealing reply). Respondent then moved for leave to file a sur-reply (Docket No. 19) to counter certain misstatements of fact by Petitioners; leave □□to file is **denied**.

BACKGROUND

This arises from an action proceeding in the United States District Court for the District of Delaware, <u>Candence Pharmaceuticals, Inc., et al. v. InnoPharma Licensing LLC et al.</u>, Case No. 14-cv-01225 LPS (D. Del.) (hereinafter "the Delaware case" or, under Rule 45(f) the "issuing court" or "<u>Cadence</u>" when cited).  Petitioners Candence Pharmaceuticals, SCR Pharmatop, and Mallinckrodt IP (collectively "Petitioners") are plaintiffs in the Delaware case, which is a patent infringement action commenced in September 2014 (Docket No. 2, Petrs. Memo. at 2).  The District Judge in the Delaware case previously presided over patent litigation involving the patents at issue in that case (<u>id.</u>).

Fact discovery was scheduled to be completed in the Delaware case by May 6, 2016, with expert discovery closing on August 16, 2016, but in February 2016 the defendant InnoPharma Licensing LLC asserted a non-infringement defense for the first time implicating claims on one of the patents (<u>id.</u>).  The Delaware court thus extended the discovery deadlines (<u>id.</u> at 2-3) to September 2, 2016 (Petrs' Reply Memo. at 3 (filed under seal), citing to <u>Cadence</u>, <u>supra</u>, Case No. 14-cv-01225-LPS, Docket No. 187, Oral Order of May 9, 2016 (D. Del.)).  But according to the docket sheet for the Delaware case, the May 9, 2016, Oral Order reset the trial date (from November 7, 2016, to January 9, 2017) and a pretrial conference date (from October 28, 2016, to December 22, 2016), and ordered the parties to "submit a revised proposed scheduling order in a timely manner, as directed by the Court at the hearing today," without stating the discovery deadline, <u>Cadence</u>, Case No. 14-cv-01225-LPS, Docket No. 187.  On July 14, 2016, the Delaware court so ordered the parties' stipulation to amend the scheduling order, <u>id.</u> Docket Nos. 219 (so ordered stipulation), 218 (stipulation), which set the discovery deadline for

September 2, 2016, id., Docket No. 219.  This Court also notes that the Delaware court later reset the trial date for January 23, 2017, id., Docket Nos. 209, Order of July 1, 2016, 219, Stipulated Order, and that the court held a discovery teleconference on August 4, 2016, id., Text Minute Entry Aug. 4, 2016; see id. Docket No. 210, but the docket does not reveal whether the discovery deadline was affected by that session.

Petitioners served subpoena ad testificandum and subpoena duces tecum upon Respondent Multisorb Technologies ("Respondent") (Docket No. 2, Petrs.' Atty. Decl. ¶ 3, Ex. 1) as part of Petitioners' investigation of defendant's manufacturing process, including the use of Respondent's Freshpax oxygen scavenger and whether it infringes on one of the patents (Docket No. 2, Petrs. Memo. at 3).  The subpoenas sought to examine the authenticity of Respondent's "published or publicly-available documents concerning the ability of Freshpax to scavenge oxygen from a packaging system" (Docket No. 2, Petrs.' Atty. Decl., Ex. 1, at 2; Docket No. 2, Petrs. Memo. at 3).  The subpoena sought documents concerning the ability of Freshpax to extract oxygen from the contents of a package; communication between Respondent and InnoPharma about Freshpax and/or other Respondent's products; and documents of InnoPharma's actual and/or proposed use of Freshpax or other Respondent's products (Docket No. 2, Petrs. Memo. at 3).  The subpoena originally was returnable on May 26, 2016, in Cheektowaga, New York (Docket No. 2, Petrs.' Atty. Decl., Ex. 1, Ex. 1.  Respondent objected to the subpoenas on May 31, 2016, after the parties met and conferred on three occasions (Docket No. 2, Petrs.' Atty. Decl. ¶ 4, Ex. 2; Docket No. 2, Petrs. Memo. at 3).

In the objections to the duces tecum subpoena, Respondent objected to the lack of particularity of the demands, the relevance to the Delaware case, that the subpoena requires

disclosure of confidential and proprietary trade secrets (Docket No. 2, Petrs.' Atty. Decl. Ex. 2; cf. id., Ex. 1, including stipulation and confidentiality agreement), with Respondent declaring its willingness to produce non-privileged material at a mutually convenient date (Docket No. 2, Petrs.' Atty. Decl. Ex. 2)

Petitioners commenced this miscellaneous case in this Court (under Rule 45(f) the "compliance Court") and have moved to compel nonparty Respondent to comply with a subpoena ad testificandum and subpoena duces tecum (Docket No. 2, Petrs.' Notice of Motion). Petitioners now move to transfer this subpoena proceeding to the District of Delaware, arguing that exceptional circumstances exist to grant the transfer and the burden of such a transfer is minimal upon Respondent (id.; Docket No. 2, Petrs. Memo. at 3-5, 5-6).  As for exceptional circumstances, Petitioners contend that judicial economy favors transfer to the District of Delaware because the extended discovery will close in two months (Docket No. 2, Petrs. Memo. at 4), the Delaware case has been pending for two years, and discovery orders were already issued in the case (id. at 4-5).  They point to the Delaware court's familiarity with the patent issues in the Delaware case from entering orders on the validity of the Patents-in-Suit in the earlier case following a bench trial (id. at 5).  They contend that transfer to Delaware would allow that court to better manage the Delaware case given the short amount of time remaining for discovery and to avoid the potential for inconsistent outcomes on discovery disputes (id.).

Petitioners also contend that the burden of a transfer to Delaware would be minimal to Respondent, a western New York, international corporation (id. at 5-6), see Judicial Watch, Inc. v. Valle Del Sol, Inc., 307 F.R.D. 30, 34-35 (D.D.C. 2014), that has defended patent litigations in other districts (id. at 6).

Respondent argues that Petitioners have not established that exceptional circumstances exist for transfer of this proceeding to Delaware (Docket No. 10, Resp't Memo. at 1). Respondent supplies oxygen to all parties in the Delaware case (id.). Respondent points to the avoidance of burdens upon it as the nonparty subject to the subpoenas and that it should not be assumed that the issuing court (the District of Delaware) is in a better position to resolve subpoena-related issues (id., quoting Fed. R. Civ. P. 45(f), advisory committee notes to 2013 amendment). The three contentions made by Petitioners claimed to be exceptional circumstances while Respondent concludes are not (id. at 2). As for Petitioners' first argument (that the issuing court is more familiar with the case because the case has been pending for two years), Respondent contends that in all Rule 45(f) cases the issuing court is more familiar with the underlying issues than the compliance court, hence it "is commonplace, not exceptional" (id., citing Lima LS PLC v. Nassau Reins. Grp. Holdings, L.P., No. 15 Misc. 359, 2015 U.S. Dist. LEXIS 171931, at *11 (S.D.N.Y. Dec. 18, 2015)). As for Petitioners' second argument (that the issuing court had the patent issues before it in a prior action), Respondent dismisses the importance of that prior action because it involved another defendant and that the issuing court there only decided the validity of the patents, and Petitioners fail to state how this impacts on the court's ability to decide a motion to compel in the present case (id. at 2-3). As for the third argument (that the issuing court has already issued discovery orders), Respondent finds that fact not to be exceptional and that Petitioners do not explain how those discovery orders relate to compelling Respondent to respond to the subpoena (id. at 3). The February 5, 2016, proceeding before United States District Judge Stark in the District of Delaware was a discovery teleconference and the issues surrounding Respondent's subpoena were not addressed (id.).

Thus, Respondent concludes that the chance for inconsistent outcomes between this Court and the District of Delaware is slight because the issuing court here has not ruled on issues in the motion to compel (id. at 3-4; see id. at 8 (Petitioners do not indicate any previous rulings from the District of Delaware on the issues in the motion to compel or quash)).  Respondent points out that Petitioners have not met their burden either in pointing out where the issuing court has considered the motion to compel issues in this case or how the rulings of this Court "could disrupt management of the Delaware litigation, or any issues that are pending or likely to arise in multiple districts" (id. at 4, 5).

Respondent argues that the focus under Rule 45(f) should be on not burdening the non-party served with the subpoena (id. at 5, quoting Federal Home Loan Mortg. Corp. v. Deloitte & Touche LLP, 309 F.R.D. 41, 42 (D.D.C. 2015) (quoting, in turn, Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment).  Respondent emphasizes the burdens it faces if this proceeding was transferred—the necessity to retain local counsel in Delaware, travel there for proceedings, while all documents and Respondent's employees and potential witnesses are in this District (id. at 6-7.  At the time of the response, the discovery deadline in the Delaware case was two months away, far longer than the deadlines in cases cited by Petitioners (id. at 7, distinguishing In re Subpoena to Kia Motors Am., Inc., No. SACV 14-315 JLS (RNBx), 2014 U.S. Dist. LEXIS 72827, at *2 (C.D. Cal. Mar. 6, 2014)).

Petitioners reply that the issuing court needs to manage its docket and that discovery has been scheduled to conclude on September 2, 2016 (Petrs' Reply Memo. at 2-3 (filed under seal)).  They point to the duration of the underlying Delaware action as a factor in favor of transfer (id. at 3-4).  Defendant InnoPharma's use of Respondent's Freshpax oxygen scavenger "is pertinent

to the question of infringement of the asserted claims of" one of the patents (id. at 4), hence the

relevance of the document demands in the subpoena, which Petitioners conclude is better

decided by the issuing court (id. at 4-5), including that court's prior experience in determining

the validity of these patents in the earlier action (id. at 5-6).  They claim that the issuing court has

"already ruled on numerous common issues presented by the parties' cross-motions" (id. at 7),

leading to the potential for inconsistent decisions between the two courts (id. at 6-7).  Finally,

Petitioners dispute Respondent's claim that it would be burdened by a transfer (id. at 7-10),

arguing (among other contentions) that the mere cost of litigation is not a substantial burden (id.

at 7, citing Wultz v. Bank of China, Ltd., 304 F.R.D. 38, 45 (D.D.C. 2014)).

## DISCUSSION

I.    Standards

    A.    Rule 45(f) Transfer of Subpoena Proceeding

    Petitioners move, pursuant to Federal Rule of Civil Procedure 45(f), to transfer this

proceeding to the District of Delaware.  That rule provides

> "When the court where compliance is required did not issue the subpoena, it may
> transfer a motion under this rule to the issuing court if the person subject to the
> subpoena consents or if the court finds exceptional circumstances.  Then, if the
> attorney for a person subject to a subpoena is authorized to practice in the court
> where the motion was made, the attorney may file papers and appear on the
> motion as an officer of the issuing court.  To enforce its order, the issuing court
> may transfer the order to the court where the motion was made."

Fed. R. Civ. P. 45(f) (emphasis added).

    Rule 45(f) was added in 2013 and allows either for the parties to consent to transfer of a

subpoena proceeding to the issuing court (not applicable here) or for the compliance court

hearing the motion to transfer the proceedings to the issuing court when "exceptional

circumstances," warrant, Fed. R. Civ. P. 45(f), advisory committee notes to 2013 amendment.

"[T]he proponent of transfer bears the burden of showing that such circumstances are present,"

id.; Orix USA Corp. v. Armentrout, No. 3:16-mc-63-N-BN, 2016 U.S. Dist. LEXIS 95104, at *9

(N.D. Tex. July 21, 2016)) (Horan, Mag. J.); Argento v. Sylvania Lighting Servs. Corp.,

No. 2:15-cv-01277-JAD-NJK, 2015 U.S. Dist. LEXIS 108818, at *9-10 (D. Nev. Aug. 15, 2015)

(Koppe, Mag. J.).  Whether exceptional circumstances exist "turns on the facts of each case,"

Argento, supra, 2015 U.S. Dist. LEXIS 108818, at *9, citing Agincourt Gaming, LLC v. Zynga,

Inc., No. 2:14-CV-0708-RFB-NJK, 2014 U.S. Dist. LEXIS 114348, at *17 (D. Nev. Aug. 15,

2014) (Koppe, Mag. J.).  "The court considering the transfer motion should not assume that the

issuing court is in a better position to resolve subpoena-related motions," Argento, supra,

2015 U.S. Dist. LEXIS 108818, at *10; In re UBS Fin'l Servs., Inc. of Puerto Rico Secs. Litig.,

113 F. Supp.3d 286, 287 (D.D.C. 2015) (quoting, in turn, Judicial Watch, supra, 307 F.R.D. at

34).

The Advisory Committee commented that "the prime concern should be avoiding

burdens on local nonparties subject to subpoenas, and it should be assumed that the issuing court

is in a superior position to resolve subpoena-related motions," Fed. R. Civ. P. 45(f), advisory

committee notes to 2013 amendment; Orix USA Corp., supra, 2016 U.S. Dist. LEXIS 95104, at

*9-10.  A transfer may be warranted "in order to avoid disrupting the issuing court's

management of the underlying litigation, as when that court has already ruled on issues presented

by the motion or the same issues are likely to arise in discovery in many districts," Fed. R. Civ.

P. 45(f), advisory committee notes to 2013 amendment.  The Committee concluded that "transfer

is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion," id.

This differs from the general transfer provision found in 28 U.S.C. § 1404.  Under that statute, this Court may transfer a case to a different venue "for the convenience of the parties and witnesses, in the interest of justice . . . where it might have been brought," 28 U.S.C. § 1404(a), with the decision to transfer being within the sound discretion of the Court, Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989) (Docket No. 21, Def. Memo. at 4); see generally New Era Cap Co. v. Prinz Enterp., LLC, No. 06CV391, 2008 U.S. Dist. LEXIS 15281, at *2-5 (W.D.N.Y. Feb. 28, 2008) (Scott, Mag. J.) (discussing standard for interdistrict transfer under § 1404(a)).  To prevail on a motion for transfer, the moving party "must demonstrate that an adequate alternative forum exists and that . . . the balance of convenience tilts strongly in favor of trial in the foreign forum."  R. Maganlal & Co. v. M.G. Chemical Co., 942 F.2d 164, 167 (2d Cir. 1991).

Rule 45(f) has as the norm that the compliance court (here this Court) considers whether to compel compliance with the subpoena (alternatively to quash it on Respondent's cross-motion) with the exceptions to have the venue changed to the issuing court either on the consent of the parties (not applicable here) or on finding the existence of exceptional circumstances. Factors in concluding that exceptional circumstances exist include the procedural posture of the underlying case, the duration of its pendency, discovery deadlines in that action, and the issuing court's familiarity with the underlying cases (Docket No. 2, Petrs. Memo. at 4 (citing cases)), see Parker Compound Bows, Inc. v. Hunter's Mfg. Co., No. 5:15-mc-00035-MFU, 2015 U.S. Dist.

LEXIS 159750, at *3-4, 4 n.12 (N.D. Ohio Nov. 19, 2015) (quoting <u>Judicial Watch</u>, <u>supra</u>,

307 F.R.D. at 34)); <u>see also</u> Fed. R. Civ. P. 45(f).

       B.       Motion to Transfer and Dispositive Jurisdiction for Magistrate Judge

       Next, this Court considers the authority it has to consider this proceeding, whether it is

dispositive or non-dispositive.  While courts dispute whether a motion to transfer, in particular

under § 1404, is dispositive or not under 28 U.S.C. § 636, <u>see</u>, <u>e.g.</u>, <u>Skolnick v. Wainer</u>, No. CV

2013-4394, 2013 U.S. Dist. LEXIS 135139, at *2 n.1 (E.D. N.Y. Sept. 20, 2013) (Go, Mag. J.)

(citing cases in Magistrate Judge's Order); <u>Beavers v. Express Jet Holdings, Inc.</u>, 421 F. Supp.

2d 994, 995 & n.2 (E.D. Tex. 2005) (Hines, Mag. J.) (Report & Recommendation listing

examples of cases Magistrate Judges either deciding venue motions by Order or issuing

Reports); <u>Pavao v. Unifund CCR Partners</u>, 934 F. Supp. 2d 1234, 1241 n.1 (S.D. Cal. 2013)

(collecting cases that transfers under § 1404(a) are considered non-dispositive) <u>cited in</u> <u>Argento</u>,

<u>supra</u>, 2015 U.S. Dist. LEXIS 108818, at *5-6, at least one Magistrate Judge has ruled by Order

on a Rule 45(f) motion to transfer a subpoena proceeding, <u>D.R. Horton, Inc. v. NVR, Inc.</u>,

No. 3:16-MC-053-RJC-DCK, 2016 U.S. Dist. LEXIS 66970 (W.D.N.C. May 20, 2016) (Keesler,

Mag. J.) (finding exceptional circumstances to transfer proceeding to issuing court, the District

of New Jersey, due to judicial economy, efficient case management, and administration of justice

would be better served by transfer and otherwise the possibility of inconsistent decisions in three

courts); <u>see</u> <u>Argento</u>, <u>supra</u>, 2015 U.S. Dist. LEXIS 108818, at *5-6 (ruling in Order that courts

are in agreement that Rule 45(f) motions to transfer fall within ambit of non-dispositive matters,

citing cases); <u>Miller Constr. Equip. Sales, Inc. v. Clark Equip. Co.</u>, No. MC415-013, 2016 U.S.

Dist. LEXIS 13578, at *18 (S.D. Ga. Feb. 4, 2016) (Smith, Mag. J.); <u>but cf.</u> <u>Elliott v. Mission</u>

Trust Servs., LLC, No. SA-14-MC-942-XR, at *3, 6 (W.D. Tex. Dec. 1, 2014) (Rodriguez, J.)

(adopting recommendation of Magistrate Judge in an Order on Rule 45(f) motion to transfer on

objection to that Order).  As noted by Magistrate Judge Koppe in Argento, supra, "in ruling on

whether to transfer subpoena-related motions, the Court is not depriving a party of a federal

forum to resolve a dispute but is rather transferring the authority to resolve the discovery dispute

to another federal court," 2015 U.S. Dist. LEXIS 108818, at *6.  Even if resolution of the

miscellaneous action on compelling or quashing the subpoena would be dispositive of that action

and result in administratively closing that action, that resolution remains non-dispositive, id.  The

underlying motions to compel compliance with the subpoena or to quash it are non-dispositive,

Agincourt Gaming, supra, 2014 U.S. Dist. LEXIS 114348, at *4-5 (citing cases).  Thus, the

decision of where those motions should be heard also should be non-dispositive.

        Therefore, this Court is considering petitioners' motion to transfer under Rule 45(f) in

this Order.

II.     Should this Proceeding be Transferred?

        A.      Exceptional Circumstances

        Weighing the factors to determine if exceptional circumstances exist to warrant transfer

and comparing the situation presented by this proceeding with precedent from other districts,

**exceptional circumstances exist to warrant transfer** to the District of Delaware.

        Some of the grounds Petitioners argue are not exceptional.  What is presented here is

enforcement or quashing of subpoenas in a patent case, with minimal discussion that the issuing

court has considered or has pending similar enforcement or quashing issues in the discovery in

that case.  The age of the case and the issuing court's prior experience with the substantive issues

in the case (testing the validity of the patents at issue) are not pertinent to the questions of the particularity of Petitioners' document demands in its subpoena, whether seeking disclosure from the non-party Respondent is harassment, or whether those demands require disclosing confidences and trade secrets, issues raised in Respondent's objections to the subpoenas. Respondent there has offered to produce non-privileged, responsive documents; Petitioners have not commented on the sufficiency of that offer.

Petitioners argue that the District of Delaware is familiar with the case (both from the two years hearing it as well as deciding validity of the underlying patent in a prior action). The question here is the issuing court's familiarity with discovery, the complexity of that discovery in the underlying case (that is, whether this Court as the compliance court can step into this portion of discovery without the full procedural context of the rest of the case), and whether there is a possibility of inconsistency if this Court does not transfer the subpoena proceeding. As Respondent notes (Docket No. 10, Respt. Memo. at 2), the issuing court always is familiar with the proceedings before it and that by itself is not exceptional; what would be exceptional is if discovery is complicated and involved and is continuing in the subpoena before the compliance court. Has the issuing court already ruled on the discovery issues—not necessarily the underlying merits of the claims in the case (as argued by Petitioners)—in order to justify transfer? Is there the potential for inconsistent decisions between the issuing and compliance courts that would place the parties and the non-party Respondent in jeopardy? Petitioners cite to prior discovery motions decided in the Delaware case (Petrs.' Reply Memo. at 4 n.2, 10), claiming that ten discovery disputes have a "bearing on the relevance of the requested discovery in this case" (id. at 10), but these disputes address claim construction, what products possibly

12

infringed, and prosecution histories for infringements under one of the patents.  What are not clearly presented are discovery motions on the issues of the relevance of Petitioners' requests and either the issuing court's decision or consideration of those motions.  This would be an example of an exceptional circumstance.

One factor that weighs in favor of transferring this subpoena proceedings to the issuing court is the timing of discovery completion in the issuing court, now due to be completed in early September; that is the case management concern contemplated by the advisory committee for Rule 45(f), Fed. R. Civ. P. 45(f) advisory committee note to 2013 amendment.  While this Court strives for prompt dispositions, the issuing court would be in a better position to adjudicate this matter within the existing deadlines or to extend the discovery schedule in light of this matter (or allow this subpoena and the discovery surrounding it to proceed on a separate track from the main discovery and have the existing deadline remain).  But Petitioners have the alternative of seeking a further extension of the discovery deadline (again, generally or to allow resolution of this specific discovery dispute) from the issuing court while awaiting decision of the subpoena issues by the compliance Court without requiring transfer of the subpoena proceedings.  Also within this factor of case management is the fact that a number of filings in this proceeding and in the Delaware case are filed under seal or with redactions (see generally Docket sheet for Cadence Pharmaceuticals v. InnoPharma Licensing LLC, No. 14-cv-01225-LPS), slowing consideration of the subpoena motions by the compliance Court.  Some of the docket items in the Delaware case cited to by Petitioners (Petrs.' Reply Memo. at 4 n.2) were filed under seal in the District of Delaware (e.g., 14-cv-01225, Docket Nos. 143, 149, 171, 172, 186).  The court sealing those items, here the issuing court, would be in a better position to consider the sealed

items in an expeditious manner (especially given the existing September 2, 2016, discovery deadline).

Another factor is Respondent's relevance objection and which court is in the better position to determine if Petitioners' document requests are relevant to their infringement claims. On the one hand, determination of relevance in discovery generally is not exceptional; such decisions occur with almost every motion to compel or for a Protective Order, see Fed. R. Civ. P. 26(b)(1), (c).  What makes it exceptional here is the issuing court's intimate familiarity with the issues surrounding the patents, the substantive issues of this case and the predecessor case, which any other court (including this compliance Court) would have to learn, see Patriot Nat'l Ins. Group v. Oriska Ins. Co., 973 F. Supp. 2d 173, 175, 176 (N.D.N.Y. 2013) (Peebles, Mag. J.) (on argument of opponent that subpoenaed material was irrelevant to case, court held that "relevance argument emphasizes the need for the court where the underlying matter lies to decide the matter"); XY, LLC v. Trans Ova Genetics, L.C., 307 F.R.D. 10, 12 (D.D.C. 2014). Adding the factor just discussed regarding case management and the schedule in the issuing court, the compliance Court would have to educate itself on issues that the issuing court has considered in two actions (one to judgment later affirmed on appeal, Cadence Pharm., Inc. v. Exela Pharma Scis., LLC, No. 11-733-LPS, 2013 WL 11083853 (D. Del. Dec. 14, 2013), aff'd, 780 F.3d 1364 (Fed. Cir. 2015) (Petrs.' Reply Memo. at 6 (filed under seal))), before the present September 2, 2016, discovery deadline.

B.      Burden of Transfer to Respondent

As for the burden of a transfer to Delaware upon Respondent, Respondent points out the burdens any party faces in defending a proceeding in a remote forum (here moving to quash a

14

subpoena or resisting compliance with it).  The witnesses and documents sought in the
subpoenas are all in the Western District of New York, attorneys admitted or granted leave to
appear in Delaware need to be retained and Respondent has to appear at proceeding(s) in that
district.  The advisory committee for the 2013 amendment to Rule 45(f) recommended using
telecommunication techniques and devices to avoid some the onerous travel expense for the
responding party (see Petrs.' Reply Memo. at 8 (filed under seal)) and Rule 45(f) allows
attorneys admitted in the compliance court to file in the issuing court as officers of the issuing
court, Fed. R. Civ. P. 45(f) advisory committee note for 2013 amendment; Fed. R. Civ. P. 45(f),
obviating the necessity of retaining local counsel.

     C.     Weighing Factors

     The interest in determining the relevant documents and testimony that should be
produced pursuant to the subpoenas outweighs the burden imposed upon Respondent to appear
in Delaware to resist that production.  Petitioners **have established the existence of exceptional
circumstances** to warrant transfer to the issuing district and their motion (Docket No. 2) to
transfer this proceeding to the District of Delaware is **granted**.  The Court Clerk of this District
is instructed to transfer this proceeding, including documents filed under seal and certain
documents sent to Chambers that were sought to be filed under seal (see Docket No. 3), to the
District of Delaware.

III.    Results

     With this Order, this Court need not consider Petitioners' motion to seal (Docket No. 3)
their motion to compel compliance (Docket No. 1) papers, and defer that motion (as well as the

motions to compel or to quash (Docket No. 12)) to the District of Delaware, as the transferee issuing court.

CONCLUSION

For the reasons stated above, petitioners' motion (Docket No. 2) to transfer this miscellaneous proceeding to the District of Delaware pursuant to Federal Rule 45(f) is **granted**. The Court Clerk of this District is instructed to transfer this proceeding, including documents filed under seal and those sought to be filed under seal (available from Chambers of the undersigned), to the District of Delaware.

As a result, petitioners' motion to seal (Docket No. 3) their moving papers (see Docket No. 1) is **deferred to the issuing court, the District of Delaware, as with the other pending matters in this proceeding** (Docket Nos. 1, 12).

Leave for Respondent to file a sur-reply (Docket No. 19) is **denied**.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
August 15, 2016

16